## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Yasharahla Kusso<br>**Plaintiff,** | **Jury Trial Demanded** |
| **V.** | **HON.** |
| StarMark Financial, LLC  &<br>Experian Information Solutions, Inc.,<br>**Defendant,** | **Case No.**<br>**Complaint** |

### PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and arises from Defendants' reporting and continued publication of inaccurate and incomplete credit information concerning Plaintiff. Plaintiff identified numerous inaccuracies on his consumer report, including an inaccurately reported account balance, misleading account information, inaccurate account status, and other materially misleading information.

2. After identifying these reporting errors, Plaintiff submitted disputes through the consumer reporting agencies challenging the accuracy and completeness of the information. Upon information and belief, Defendant Experian Information Solutions Inc. transmitted Plaintiff's disputes and all relevant dispute information to Defendant StarMark Financial LLC as required by the FCRA. Upon receiving notice of the disputes, Defendants were required to conduct reasonable investigations, review all relevant information, and ensure that only accurate and complete information was reported. Defendants failed to satisfy these obligations.

3. This action is based upon Defendants' continued reporting and verification of inaccurate information after receiving notice of Plaintiff's dispute. Upon information and belief, Defendants failed to conduct reasonable investigations, failed to consider all relevant information bearing on the accuracy of the disputed account, and continued to furnish and

publish information that was inaccurate, incomplete, and materially misleading, causing Plaintiff to suffer actual damages.

4.  This action is also brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Defendant StarMark Financial LLC is a debt collector and engaged in false, deceptive, misleading, unfair, and unconscionable debt collection practices by continuing to communicate inaccurate credit information concerning the alleged debt after receiving actual notice that Plaintiff disputed the debt and the continued reporting of the account. Despite such notice, Defendant StarMark Financial LLC continued furnishing and verifying inaccurate information and failed to communicate that the alleged debt was disputed, in violation of the Fair Debt Collection Practices Act.

## FAIR CREDIT REPORTING ACT

5.  Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., to promote fairness, accuracy, and privacy in the credit reporting system. The statute requires consumer reporting agencies to implement and maintain reasonable procedures designed to ensure the maximum possible accuracy of the information they collect, maintain, and disseminate. Congress further declared that consumer reporting agencies must carry out these responsibilities in a manner that is fair and equitable to consumers, with due regard for the confidentiality, accuracy, relevancy, and proper use of consumer information. See 15 U.S.C. § 1681(b).

6.  In enacting the FCRA, Congress recognized the significant responsibilities entrusted to consumer reporting agencies and emphasized that those responsibilities must be exercised with fairness, impartiality, and respect for consumers' privacy rights. See 15 U.S.C. § 1681(a)(4). The United States Supreme Court has likewise acknowledged that one of the central purposes of the FCRA is to protect consumers by promoting accurate credit reporting and providing meaningful procedures for correcting inaccurate information.

7.  Under the FCRA, consumer reporting agencies, including Defendant Experian Information Solutions Inc., may not continue reporting information that is inaccurate, incomplete, or cannot be verified after conducting a reasonable reinvestigation. When a consumer disputes information appearing on his credit report, the consumer reporting

agency must conduct a reasonable reinvestigation, provide notice of the dispute and all relevant information to the furnisher, and take appropriate steps to ensure the accuracy of the reported information. Likewise, furnishers of information, including Defendant StarMark Financial LLC, are required to conduct a reasonable investigation upon receiving notice of a consumer dispute from a consumer reporting agency, review all relevant information provided, and accurately report the results of that investigation. If the disputed information is determined to be inaccurate, incomplete, or incapable of verification, it must be corrected or deleted as required by the FCRA.

## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

9.  This Court also has jurisdiction pursuant to 15 U.S.C. § 1681p, which authorizes civil actions under the Fair Credit Reporting Act, and 15 U.S.C. § 1692k(d), which authorizes civil actions under the Fair Debt Collection Practices Act.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Defendants conduct business in this District, and a substantial part of the events giving rise to this action occurred in this District.

## PARTIES

11. Plaintiff, Yasharahla Kusso, is a natural person and a resident of Richland County, South Carolina. At all times relevant to this action, Plaintiff was a "consumer" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

12. Defendant StarMark Financial LLC ("StarMark Financial") is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business located at 800 Fairway Drive, Suite 190, Deerfield Beach, Florida 33441. At all times relevant to this action, Defendant StarMark Financial is a debt collector as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6), in that it regularly

collected or attempted to collect consumer debts allegedly owed to another. In this case, Defendant StarMark Financial attempted to collect an alleged consumer debt purportedly owed to Rise Credit of South Carolina, arising from a transaction entered into primarily for personal, family, or household purposes.

13. At all times relevant to this action, Defendant StarMark Financial is also a furnisher of information to one or more consumer reporting agencies, including Defendant Experian Information Solutions Inc., and is therefore subject to the duties imposed upon furnishers by the Fair Credit Reporting Act, including 15 U.S.C. § 1681s-2(b). Hereinafter, Defendant StarMark Financial LLC will be referred to as ("StarMark Financial")

14. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626. At all times relevant to this action, Experian assembled, maintained, and disseminated consumer credit information for the purpose of furnishing consumer reports and was subject to the duties and obligations imposed by the Fair Credit Reporting Act. Hereinafter, Defendant Experian Information Solutions Inc. will be referred to as ("Experian")

## STATEMENT OF FACTS

15. On or about September 17, 2024, Plaintiff allegedly incurred a financial obligation with Defendant StarMark Financial arising from an alleged debt allegedly owed to Rise Credit of South Carolina in the amount of $4,667.00. The alleged obligation arose from a credit transaction in which the money, property, insurance, or services that were the subject of the transaction were obtained primarily for personal, family, or household purposes. Accordingly, the alleged obligation constitutes a consumer credit transaction within the meaning of the Fair Credit Reporting Act and was not incurred for any commercial or business purpose.

16. After the alleged account was placed with Defendant StarMark Financial for collection on behalf of Rise Credit of South Carolina, Defendant StarMark Financial attempted to collect an alleged debt in the amount of $4,667.00 from Plaintiff. In response, Plaintiff

notified Defendant StarMark Financial that it must cease all collection communications regarding the alleged debt.

17. Despite receiving Plaintiff's cease-and-desist notice, Defendant StarMark Financial continued its collection efforts concerning the alleged debt. As a result, on or about October 29, 2025, Plaintiff commenced a civil action against Defendant StarMark Financial, Case No. 3:25-cv-13193, arising from Defendant's continued collection activities after receiving Plaintiff's cease-and-desist notice.

18. The parties ultimately resolved the prior litigation through a settlement agreement that was fully executed by both parties on January 22, 2026. Thereafter, the prior action was terminated on February 18, 2026. **(See Exhibit A)**

19. Evidenced by the settlement agreement, Defendant StarMark Financial waived the entire outstanding balance associated with the alleged account, closed the account, and agreed to submit a request to the consumer reporting agencies to remove the tradeline within thirty (30) days after the settlement agreement was fully executed by both parties. A true and correct copy of the fully executed settlement agreement is attached hereto as **(Exhibit A)** and incorporated herein by reference.

20. Upon reviewing his Experian consumer credit report, Plaintiff discovered that Defendant StarMark Financial continued to furnish and report inaccurate information concerning the account. Specifically, Defendant continued to report an outstanding balance of $4,667.00, even though the balance was $0.00, as evidenced by the fully executed settlement agreement. **(See Exhibit A)**

21. The account also continued to reflect a status of "Collection Account and reported Past Due" as of July 2026, and the account was reported open and active when it was closed.

22. In addition, StarMark Financial reported in the payment history section of Plaintiff's Experian consumer report that the account was charged off during February 2026, March 2026, April 2026, May 2026, June 2026, and July 2026, despite the account balance being $0.00 closed and having already been settled.

23. StarMark Financial also reported in the balance history section of Plaintiff's Experian consumer report that the account carried a balance of $4,667.00 from February 2026 through June 2026, even though the balance had been $0.00 as evidenced by the parties' fully executed settlement agreement. **(See Exhibit A)**

24. Both Defendants failed to report that Plaintiff disputed the account, resulting in Plaintiff's Experian consumer report containing incomplete and misleading information.

25. On or about May 23, 2026, Plaintiff notified StarMark Financial, in writing through its counsel, via email Jason M. Hunter, Partner (Licensed in South Carolina), of Crawford & von Keller, LLC, and Kathryn Anderson of Crawford & von Keller, LLC, that the StarMark Financial tradeline continued to report inaccurate and materially misleading information on Plaintiff's Experian consumer report despite the parties' fully executed settlement agreement. Specifically, Plaintiff advised that the account remained open, continued to report an outstanding balance of $4,667.00 instead of the correct balance of $0.00, and otherwise contained inaccurate information. Plaintiff disputed the continued reporting of the tradeline and requested that StarMark Financial correct the inaccurate reporting, submit the agreed-upon deletion requests to the consumer reporting agencies, and comply with its obligations under the settlement agreement. Despite receiving actual notice of Plaintiff's dispute through its counsel, StarMark Financial continued furnishing the disputed information to Experian without communicating that the debt was disputed. **(See Exhibit A1)**

26. On June 1, 2026, Plaintiff timely submitted a detailed written dispute to Experian disputing the accuracy and completeness of the information reported by StarMark Financial. Plaintiff identified the inaccurate information appearing on the tradeline, explained the basis for his dispute, and requested that Experian conduct a reasonable reinvestigation and correct or delete the inaccurate information as required by the Fair Credit Reporting Act. **(See Exhibit B)**

27. Plaintiff's dispute specifically explained that the correct account balance was $0.00, and that the continued reporting of the account balance, account status, payment history, balance history, and other information was inaccurate and materially misleading.

28. Upon information and belief, Experian transmitted Plaintiff's dispute and all relevant dispute information to StarMark Financial through an Automated Consumer Dispute Verification ("ACDV") or other substantially similar method, thereby placing StarMark Financial on notice of Plaintiff's dispute and triggering its duties under 15 U.S.C. § 1681s-2(b). **(See Exhibit C)**

29. On June 23, 2026, Experian completed its reinvestigation and informed Plaintiff that the StarMark Financial tradeline would remain unchanged. Upon information and belief, StarMark Financial verified the disputed information as accurate despite having actual knowledge of Plaintiff's dispute and despite previously receiving direct notice from Plaintiff regarding the continued inaccurate reporting. **(See Exhibit C)**

30. Following Defendants' reinvestigation and verification, the StarMark Financial tradeline continued to report an outstanding balance of $4,667.00 instead of the correct balance of $0.00, continued to report the account as open, continued to report the account as a collection account past due, continued to report charge-off payment history for February 2026 through July 2026, continued to report a balance history reflecting $4,667.00 from February 2026 through June 2026, continued to report an estimated removal date of April 2031, and failed to indicate that the account was disputed, despite StarMark Financial actual knowledge of Plaintiff's dispute.

31. Had Defendants conducted reasonable investigations, reviewed all relevant information, and complied with their respective duties under the Fair Credit Reporting Act, the inaccurate StarMark Financial tradeline would have been corrected or deleted. A reasonable investigation would have revealed that the account balance was $0.00, closed and settled. Consequently, the inaccurate account balance, account status, payment history, balance history, estimated removal date, and other materially misleading information would not have remained on Plaintiff's Experian consumer report.

32. Upon information and belief, Defendants' investigation, if any, was cursory, automated, or otherwise inadequate, and no meaningful effort was made to review the relevant

records or to communicate with individuals possessing knowledge of the account before the disputed information was verified.

33. Upon information and belief, Defendants' investigation amounted to little more than a rubber-stamp verification of the previously reported information rather than the reasonable investigation required by the Fair Credit Reporting Act. This belief is based on Defendants' continued verification of the disputed information despite Plaintiff's detailed dispute.

## ACTUAL DAMAGES

34. As a direct and proximate result of Defendants' inaccurate credit reporting and failures to comply with the Fair Credit Reporting Act, Plaintiff suffered actual damages, including damage to his creditworthiness, credit reputation, loss of time spent disputing inaccurate information, emotional distress, frustration, anxiety, embarrassment, and inconvenience.

35. The inaccurate reporting on Plaintiff's consumer credit report prevented him from moving forward with applying for a mortgage loan. As a result, Plaintiff was unable to purchase a home and instead continued renting. During this time, Plaintiff's rent increased, causing him to incur substantially greater housing expenses than he otherwise would have incurred had he been able to obtain mortgage financing.

36. Plaintiff was also unable to obtain financing for an automobile on reasonable terms because of the inaccurate information appearing on his consumer credit report. As a result, Plaintiff was without reliable personal transportation and was forced to walk to destinations when possible, pay for rideshare services such as Uber, and rely on family members, friends, and others for transportation.

37. In addition to the financial harm described above, Plaintiff suffered emotional distress, humiliation, frustration, anxiety, inconvenience, and loss of enjoyment of daily life as a direct and proximate result of Defendants' conduct. Plaintiff continues to suffer these damages.

38. Plaintiff further alleges that Defendants' violations of the Fair Credit Reporting Act and StarMark Financial violations of the Fair Debt Collection Practices Act were willful and negligent, entitling Plaintiff to recover all damages authorized by law.

39. StarMark Financial continued furnishing and communication of inaccurate credit information after receiving actual notice of Plaintiff's dispute, and Experian's continued publication and verification of that information caused Plaintiff's damages to continue and increase over time.

40. Plaintiff has sustained actual damages and, upon proof at trial, is entitled to recover all damages available under the Fair Credit Reporting Act.

## COUNT I
### Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681e(b)
### (Against Experian)

41. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

42. At all times relevant to this action, Experian was a consumer reporting agency as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f), and was required to follow reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's consumer reports, as required by 15 U.S.C. § 1681e(b).

43. Experian prepared, maintained, and furnished consumer reports concerning Plaintiff that contained inaccurate, incomplete, and materially misleading information regarding the StarMark Financial tradeline, including but not limited to an inaccurate account balance, an inaccurate account status, inaccurate payment history, inaccurate balance history, an inaccurate estimated removal date, and the omission of a dispute notation.

44. Experian failed to maintain and follow reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's consumer reports. Had Defendant Experian maintained and followed reasonable procedures, the inaccurate

information would not have been included in or furnished as part of Plaintiff's consumer reports.

45. As a direct and proximate result of Experian's failure to comply with 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to damage to his creditworthiness and credit reputation, financial harm, emotional distress, frustration, embarrassment, inconvenience, and other damages recoverable under the Fair Credit Reporting Act.

46. Experian's violations of the Fair Credit Reporting Act were negligent and willful, thereby entitling Plaintiff to recover all relief authorized under 15 U.S.C. §§ 1681n and 1681o.

## COUNT II
### Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681i(a)
### (Against Experian)

47. Plaintiff repeats and realleges each and every preceding allegation contained in this Complaint as though fully set forth herein.

48. Pursuant to 15 U.S.C. § 1681i(a), Experian was required to conduct a reasonable reinvestigation of the disputed information after receiving Plaintiff's dispute and to review and consider all relevant information submitted by Plaintiff concerning the disputed tradeline.

49. On June 1, 2026, Plaintiff submitted a detailed dispute to Experian identifying the inaccuracies contained in the StarMark Financial tradeline. Plaintiff specifically advised Experian that the reported balance of $4,667.00 was inaccurate and the balance was $0.00. Plaintiff requested that the inaccurate information be corrected or deleted.

50. Upon information and belief, Experian transmitted Plaintiff's dispute and all relevant dispute information to Defendant StarMark Financial for investigation. On June 23, 2026, Experian completed its reinvestigation and notified Plaintiff that the disputed information had been verified and unchanged and would remain on his consumer report.

51. Despite receiving Plaintiff's detailed dispute and having a statutory duty to conduct a reasonable reinvestigation, Experian failed to conduct a reasonable reinvestigation, failed to review and consider all relevant information, failed to delete or correct inaccurate and incomplete information, and continued to publish an outstanding balance of $4,667.00 instead of the correct balance of $0.00, continued to report the account as open, continued to report the account as a collection account past due, continued to report charge-off payment history for February 2026 through July 2026, continued to report a balance history reflecting $4,667.00 from February 2026 through June 2026, continued to report materially inaccurate and misleading information concerning the StarMark Financial tradeline.

52. As a direct and proximate result of Experian's violations of 15 U.S.C. § 1681i(a), Plaintiff suffered actual damages, including damage to his creditworthiness, financial loss, emotional distress, frustration, embarrassment, inconvenience, and other damages recoverable under the Fair Credit Reporting Act.

53. Experian's violations of the Fair Credit Reporting Act were negligent and willful, entitling Plaintiff to recover all relief available under 15 U.S.C. §§ 1681n and 1681o.

## COUNT III
### Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681s-2(b)
### (Against StarMark Financial)

54. Plaintiff repeats and realleges each and every preceding allegation contained in this Complaint as though fully set forth herein.

55. At all times relevant to this action, StarMark Financial was a furnisher of information to one or more consumer reporting agencies and was subject to the duties imposed by 15 U.S.C. § 1681s-2(b).

56. Upon information and belief, after Plaintiff submitted his dispute to Experian on June 1, 2026, Experian transmitted notice of the dispute, together with all relevant dispute information, to Defendant StarMark Financial through an Automated Consumer Dispute Verification ("ACDV") or other substantially similar method.

57. Upon receiving notice of Plaintiff's dispute from Experian, StarMark Financial was required by 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation, review all relevant information provided by Experian, report the results of its investigation to Experian, and correct, modify, delete, or permanently block the reporting of any information found to be inaccurate or incomplete.

58. Despite receiving notice of Plaintiff's dispute, StarMark Financial failed to conduct a reasonable investigation and failed to review all relevant information concerning the disputed account, including the fully executed settlement agreement evidencing Defendant waived the alleged balance in full and closed the account. Instead, StarMark Financial continued to verify and furnish inaccurate and incomplete information regarding the account.

59. As a result of Defendant StarMark Financial's conduct, the inaccurate information remained on Plaintiff's Experian consumer report after the reinvestigation, including but not limited to the inaccurate $4,667.00 account balance, the "Collection Account, Past Due" open and active account status, inaccurate charge-off payment history, inaccurate balance history, the estimated removal date, and the failure to report the account as disputed.

60. StarMark Financial's failure to comply with its obligations under 15 U.S.C. § 1681s-2(b) was negligent and willful.

61. As a direct and proximate result of Defendant StarMark Financial's violations of the Fair Credit Reporting Act, Plaintiff suffered actual damages, including damage to his creditworthiness and credit reputation, financial losses, emotional distress, frustration, embarrassment, inconvenience, and other damages recoverable under 15 U.S.C. §§ 1681n and 1681o.

## COUNT IV

### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), and 1692f
### (Against StarMark Financial)

62. Plaintiff repeats, realleges, and incorporates by reference each and every preceding allegation contained in this Complaint as though fully set forth herein.

63. StarMark Financial is a debt collector as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6).

64. After receiving actual notice that Plaintiff disputed the alleged debt and the continued reporting of the account, StarMark Financial continued communicating and furnishing credit information concerning the alleged debt to consumer reporting agencies.

65. StarMark Financial knew or should have known that the information it continued to furnish and communicate was false, inaccurate, incomplete, and materially misleading, including but not limited to the reported account balance, account status, payment history, balance history, estimated removal date, and failure to report the account as disputed.

66. By engaging in the foregoing conduct, StarMark Financial used false, deceptive, and misleading representations and means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

67. StarMark Financial falsely represented the character, amount, and legal status of the alleged debt by continuing to communicate and report an outstanding balance of $4,667.00 when the correct account balance was $0.00, as evidenced by the fully executed settlement agreement attached as **(Exhibit A)**, in violation of 15 U.S.C. § 1692e(2)(A).

68. After receiving actual notice that Plaintiff disputed the alleged debt and the continued reporting of the account, StarMark Financial continued communicating credit information concerning the alleged debt while failing to communicate that the alleged debt was disputed, in violation of 15 U.S.C. § 1692e(8).

69. StarMark Financial further employed unfair and unconscionable means to collect or attempt to collect an alleged debt by continuing to furnish and communicate inaccurate and materially misleading credit information after agreeing to waive the alleged balance and submit a request to remove the tradeline, in violation of 15 U.S.C. § 1692f.

70. As a direct and proximate result of StarMark Financial's violations of the Fair Debt Collection Practices Act, Plaintiff suffered actual damages and is entitled to recover actual damages, statutory damages, costs, and all other relief authorized by 15 U.S.C. § 1692k.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants, and award the following relief:

    a.  Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o, as applicable, and 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial;

    b.  Statutory damages as authorized by 15 U.S.C. § 1681n and 15 U.S.C. § 1692k(a)(2)(A);

    c.  Punitive damages as authorized by the Fair Credit Reporting Act for Defendants' willful violations;

    d.  Costs of this action;

    e.  Pre-judgment and post-judgment interest as permitted by law;

    f.  An Order directing Defendants to correct, modify, delete, or permanently block the inaccurate, incomplete, inconsistent, omitted, and materially misleading information identified in this Complaint, as required by the Fair Credit Reporting Act;

    g.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully submitted,

Dated: August 3, 2026

*Yasharahla Kusso*

**Yasharahla Kusso**
Plaintiff, Pro Se
100 Trowbridge Road
Columbia, SC 29229
Email: yasharahlakusso@myyahoo.com